IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR352 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| MANUEL DUARTE-CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 56). The Addendum refers to objections by the government, although the government has not filed objections pursuant to ¶ 6 of the Order on Sentencing Schedule. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant pleaded guilty to Count II of the Indictment charging him with possession with intent to distribute more than 50 but less than 100 kilograms of a mixture or substance containing marijuana. Count I, which will be dismissed at sentencing, charged him with conspiracy to distribute or possess more than 50 kilograms but less than 100 kilograms of a mixture or substance containing marijuana. The plea agreement provides that "the quantity of marijuana involved in the criminal conspiracy is a factual determination for the Court." Based on the laboratory report, the PSR states that the Defendant is responsible for 1.67 kilograms of actual methamphetamine, resulting in base offense level 38. Apparently, the methamphetamine was hidden in the marijuana, and

because the Defendant did not know about the methamphetamine he was only charged with the marijuana, and the parties only envisioned holding him responsible for the marijuana. (PSR, Addendum.)

Both parties object to various paragraphs. However, the objections all relate to the issue of the quantity in ¶ 43 of the PSR. The parties' objections will be addressed at sentencing. As suggested by the probation officer in the Addendum, even if the base offense level remains at 38, the Court may entertain a downward departure motion. The Court anticipates that any such downward departure motion would be raised orally, depending on the Court's ruling on the quantity issue.

IT IS ORDERED:

1. The Defendant's Objections to the Revised Presentence Investigation Report (Filing No. 56) will be addressed at sentencing;

2. The government's objections to the Revised Presentence Investigation Report (Addendum) will be addressed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      5.    Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

      6.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of April, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge